**UNITED STATES of America,
Plaintiff,**

v.

**J. Richard JAMIESON,
et al., Defendant.**

**No. 3:02 CR 707.**

United States District Court,
N.D. Ohio,
Western Division.

Feb. 27, 2002.

James R. Knepp, II, Esq., Robison, Curphey & O'Connell, N. Stevens Newcomer, Esq., Newcomer & McCarter, John Richard Jamieson, Toledo, Susan Bogart, Esq., Law Offices Of Susan Bogart, Chicago, IL, for John Richard Jamieson (1), defendants.

John S. Pyle, Esq., Gold, Schwartz & Company, Cleveland, James A Capwill, Aurora, for James A Capwill (2), defendants.

David Lee Klucas, Esq., for Teddy Brindle (3), defendants.

## MEMORANDUM AND ORDER

KATZ, District Judge.

This matter is before the Court on Defendant's Motion to Deny Leave to Extend, to Dissolve, or in the Alternative to Modify the Government's Post–Indictment *Ex Parte* Restraining order and Grant a Hearing Related thereto. (Doc. No. 40.) For the reasons that follow, the Court will grant Defendant's Motion for Hearing with conditions.

On January 18, 2002, after an indictment naming the Defendant and others was filed, the Government sought and obtained an *Ex Parte* Application for Post–Indictment Restraining Order under 21 U.S.C. § 853(e)(1). The Defendant now moves for termination or modification of that Order on the basis that: (1) a hearing is required under either Fed.R.Civ.P. 65 or the Due Process Clause of the Fifth Amendment; (2) the Defendant can establish that he is without assets to fund his defense and support his family; (3) the Defendant can make a *prima facie* showing that the Grand Jury erred in determining the restrained assets constitute, are derived either directly or indirectly from gross proceeds traceable to the commission of the alleged offenses.

*A. Applicability of Fed.R.Civ.P. 65*

 21 U.S.C. § 853(e)(1) states in pertinent part:

Upon application of the United States, the court may enter a restraining order or injunction, require execution of a satisfactory performance bond, or take any other action to preserve for availability of property described in subsection (a)

of this section for forfeiture under this section-

(A) upon the filing of an indictment or information charging a violation of this subchapter of subchapter II of this chapter for which criminal forfeiture may be ordered under this section and alleging that the property with respect to which the order is sought would, in the event of conviction, be subject to forfeiture under this section.

It is the Defendant's contention that Rule 65 of the Federal Rules of Civil Procedure requires a hearing or the restraining order is effectively terminated ten days after its issuance. Rule 65 covers injunctions and the part as to which Defendant asserts the ten day limitation period arises is Rule 65(b), which covers temporary restraining orders. In sum, it is this Court's conclusion that Rule 65 is overridden by Section 853(e)(1) but that a hearing, while not mentioned in the statute, is undoubtedly required under appropriate circumstances under the due process clause of the Fifth Amendment. Multiple cases support this conclusion, particularly *United States v. Kirschenbaum*, 156 F.3d 784 (7th Cir. 1998); *United States v. Jones*, 160 F.3d 641 (10th Cir.1998). While Rule 65 may apply to those pre-indictment cases covered by Section 853(e)(1)(B), that issue is not before this Court since the restraining order issued here was issued pursuant to Section 853(e)(1)(A). The restraining order issued here continues until terminated or modified by the Court and the Defendant has an affirmative duty to raise the issue of termination or modification and, under the circumstances set forth in *Jones*, request a hearing.

*B. The Requisite Showings Required to be Made by the Defendant Pursuant to Current Case law*

The Court next considers the nature of the showing required by the Defendant to

justify a hearing pursuant to multiple cases cited by the parties and reviewed by the Court. *See, Jones* and *Kirschenbaum, supra; United States v. Farmer,* 274 F.3d 800 (4rth Cir.2001); *Michelle's Lounge,* 39 F.3d 684 (7th Cir.1994); *U.S. v. Moya–Gomez,* 860 F.2d 706 (7th Cir.1988)(*Moya–Gomez* did not deal directly with the right to a hearing, but clearly stated that denial by a trial court to hold the hearing is an immediately appealable issue).

■ It has been clear since at least 1989 that the Federal Drug Forfeiture Statute authorizes a district court to enter a pretrial order freezing or restricting transfer of assets of the Defendant, even where the defendant desires to use those assets to employ an attorney; such relief granted to the government does not violate the Sixth Amendment to the United States Constitution. *United States v. Monsanto,* 491 U.S. 600, 109 S.Ct. 2657, 105 L.Ed.2d 512 (1989); *Caplin & Drysdale, Chartered v. United States,* 491 U.S. 617, 109 S.Ct. 2667, 105 L.Ed.2d 528 (1989). Therefore, it is incumbent upon a defendant such as Jamieson to make a showing under the *Jones* case that the assets sought to be utilized to employ counsel in the criminal case are exempt from a restraining order issued pursuant to 21 U.S.C. § 853(e)(1) or that the grand jury erred in all or a part of the forfeiture section of the indictment.

■ Thus, under *Jones* the defendant must first make a showing, or at least a reasonable representation, that no other assets are available to support himself and his family or to retain private counsel. The second preliminary or *prima facie* showing is that the grand jury erred in its forfeiture provisions of the indictment in that certain assets are exempt from the restraining order.

■ As to the first branch of the *Jones* burden placed upon the defendant, the defendant has the burden of persuading the Court that he has no funds from which to retain counsel of his choosing or to support himself or his family. Because of this Court's familiarity with this case over the last 18 months and the affidavit which was filed in conjunction with the Defendant's motion at issue, the Court believes that such a showing has been made. However, as indicated by the Seventh Circuit in *Kirschenbaum,* the district court has the right to inquire into the availability of other assets to meet those obligations; to-wit, does Mrs. Jamieson or do other family members or friends have funds which could be made available to the Defendant to meet the obligations of retaining counsel and supporting himself and his family. A generous reading of the affidavit could lead one to believe that the Defendant has no ability to resort to those sources for funds. However, the Court will require further showing with regard to this issue at the hearing because of the inconclusive language within the affidavit, stating that "[a]ffiant does not have any assets, funds or *access* to assets or funds with which to pay for ordinary and necessary living expenses...." (Jamieson Affid., ¶ 2)(Emphasis added). The Court believes that the word "access" could encompass the access to funds available from family and friends.

The second branch of the *Jones* prerequisites to a hearing is the showing that there are assets which should not have been covered by the grand jury's forfeiture provisions of the indictment. The Defendant has the burden of production of evidence which would lead to the Court to believe that there are assets which should not be burdened by the restraining order. Once that has been done, due process requires a hearing at which the government must establish probable cause to believe that the restrained assets are in fact traceable to the underlying offense. (At such hearing it is clear that the rules of evidence do not strictly apply, similar to temporary restraining or preliminary injunc-

tion hearings). It is further clear that the case law does not require the government to reestablish probable cause of guilt as to the underlying offense. Moreover, the Court must take the allegations of the indictment as true for purposes of the underlying offense.

It is clear that this Court could deny a hearing based on the failure to strictly satisfy the second branch of the *Jones* showing. However, because assertions, however weak, have been made by the Defendant through the pleadings in the record, the Court can see no reason why this showing could not be done in the first part of a hearing. If the Court is then satisfied at the showing made, the Defendant must show that the government restrained untainted assets without probable cause and that those assets may be used and are needed to retain counsel of his own choosing and to pay living expenses. Obviously, the government will then have the opportunity to refute both such preliminary showings made by the Defendant. *See, U.S. v. Farmer*, 274 F.3d 800 (4th Cir.2001).

## C. Release of Defendant's Affidavit

▉ The Defendant has filed an affidavit under seal consisting of 2 ⅓ pages. The government has objected to the sealing of the affidavit and requested the opportunity to review the affidavit prior to any hearing on the issues raised by Defendants' motions. After a review of the affidavit, it is clear to the Court that no Fifth Amendment rights are impacted by the unsealing of the affidavit so as to permit the government to review same prior to a hearing. In a status conference on February 25, 2002, counsel for the Defendant strenuously objected to such unsealing; that objection is preserved.

## D. Internal Justice Department Pre-approval Procedures

▉ The Defendant has raised an issue with respect to the internal operating rules of the Justice Department which would appear to require the United States Attorney's Office to obtain pre-approval before seeking indictment in the subject case. It is clear to the Court that that rule, assuming it is applicable here, is an internal operating rule, as to which no private right of action is created. The Defendant has no standing to assert any rights with respect to that rule.

## E. Conclusion

▉ The Court finds that while the showings required to be made prior to the entitlement of a hearing have not clearly been accomplished by the Defendant and that the Court would be justified in refusing that request, it is also apparent to the Court that granting a hearing will more appropriately ensure to the Defendant the due process afforded by the Fifth Amendment, without overburdening the government. To err on the side of providing for such a hearing will permit the Court to afford the parties a further opportunity to address the issues raised by the motion of the Defendant and outlined by the Court in this Memorandum and Order. The granting of such a hearing is certainly not contrary to the current controlling case law, although none of such case law has arisen from the Sixth Circuit. At the hearing, the Defendant shall make a further showing of the needs expressed in the motion and the unavailability of assets from other family members and friends to meet the obligations of support of family and self, as well as the cost of retained counsel in the criminal case. The Defendant shall also make a showing that there are assets available which were erroneously restrained by the Court pursuant to

errors made by the grand jury in the forfeiture provisions of its indictment. Only after having made those showings will the hearing go forward and the Government be required to make the showings outlined above.

Additionally, the Court orders the unsealing of the affidavit filed as Doc. No. 39 and finds that it may concludes that the Defendant has no standing to assert a private right of action with respect to the internal operating rules of the Justice Department.

The hearing is scheduled for 10:00 a.m. on March 13, 2002 in Courtroom 204 of the United States Courthouse, Toledo, Ohio.

IT IS SO ORDERED.